# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                               CIVIL ACTION

VERSUS                                                  19-48-SDD-RLB

CITY OF BATON ROUGE, ET AL.

## RULING

This matter is before the Court on the *Motion for Emergency Injunctive Relief*[1] filed by *pro se* Plaintiff "Jane Doe" on January 25, 2019. Plaintiff names as Defendants in this action the City of Baton Rouge, East Baton Rouge Parish, the State of Louisiana, the IRIS Domestic Violence Center, East Baton Rouge Parish District Attorney Hillar Moore, and several other individuals. No Defendant has yet been served as of the date of this *Ruling*.

Plaintiff seeks herein relief from, *inter alia,* the Defendants' alleged: "oppressing, illegal, unconstitutional activities"[2] directed towards depriving Plaintiff of her First Amendment free speech rights; violating Plaintiff's right to privacy by "eavesdropping and accessing Plaintiff's network, ALL her electronic devices, but FULLY CONTROLLING major aspects of her life and her communication and online presence;"[3] "criminal oppressive surveillance and censorship" of Plaintiff's web pages; accessing Plaintiff's email accounts and controlling her email communications; interfering with Plaintiff's social

---

[1] Rec. Doc. No. 3.
[2] *Id.* at 1.
[3] *Id.* at 2.
49961

media accounts and posts related to the crimes committed by Defendants; "tapwiring her cellphone and tampering with her regular, UPS mail sent in connection to the crime of violence;"[4] "controlling her network by hijacking Plaintiff'[s] routers and stealing the entire Internet traffic;"[5] interfering with Plaintiff's "earnings, employment and well-being;"[6] sadistically and cruelly harming Plaintiff's dogs; and she requests that Defendants "keep away from … Plaintiff'[s] place of residence at all times."[7]

## STANDARD FOR A TEMPORARY RESTRAINING ORDER

In order to obtain a TRO, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the defendant, and (4) that granting the preliminary injunction will not deserve the public interest.[8] Because a temporary restraining order is an extraordinary remedy, it should be granted only if Plaintiff clearly carries her burden of persuasion as to all four factors.[9]

Rule 65(b)(1) of the Federal Rules of Civil Procedure states that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

---

[4] *Id.*
[5] *Id.*
[6] *Id.* at 3.
[7] *Id.*
[8] *Justin Industries v. Choctaw Securities, L.P.*, 920 F.2d 262 (5th Cir.1990).
[9] *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).
49961

adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff has failed to satisfy both requirements set forth in Rule 65(b)(1).

Plaintiff fails to submit a *Verified Complaint* or a sworn *Affidavit* to support her claims, and she likewise fails to address notice to Defendants. Further, Plaintiff fails to address, argue, and demonstrate that she has satisfied the four-factor test under Rule 65 to warrant extraordinary relief under Rule 65. Accordingly, Plaintiff's *Motion for Emergency Injunctive Relief*[10] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 29, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] Rec. Doc. No. 3.
49961